UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

TU TUAN NGUYEN,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,[1]

    Respondent.

Civil Action No. 7:16-230-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Tu Tuan Nguyen was recently an inmate at the United States Penitentiary (USP) – Big Sandy in Inez, Kentucky. Proceeding without an attorney, Nguyen filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Nguyen's petition.

In 2006, Nguyen was convicted of conspiracy to distribute ecstasy, and the trial court sentenced him to 150 months in prison. *United States v. Nguyen*, No. 1:06-cr-234-2 (M.D.N.C. 2006). While Nguyen was confined at the USP-Big Sandy, he filed the § 2241 petition in this case. [R. 1]. Nguyen's petition challenges the validity of his underlying conviction and sentence. [R. 1 at 2]. First, Nguyen emphasizes that, in *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), the Supreme Court held that, "at least where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is

---

[1] While Nguyen named the United States of America as the respondent in this proceeding, the correct respondent is the warden of the facility where Nguyen was confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, the Court will substitute Warden Gregory Kizziah as the respondent in this proceeding.

a but-for cause of the death or injury." [R. 1-6 at 3-4]. Nguyen suggests that, in light of the *Burrage* decision, he too could not have been held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C). [R. 1-6 at 1-4]. Second, Nguyen appears to argue that he was improperly sentenced under the federal sentencing guidelines. [R. 1-6 at 4-5].

The Court will deny Nguyen's petition because both of his arguments are unavailing. First, it does not appear from Nguyen's petition or the record in his underlying criminal case that he was ever actually held liable under the penalty enhancement provision of § 841(b)(1)(C). *See United States v. Nguyen*, No. 1:06-cr-234-2 (M.D.N.C. 2006). Thus, Nguyen's reliance on *Burrage* is simply misplaced.

Second, Nguyen's claim that he was improperly sentenced under the guidelines represents an impermissible collateral attack on his sentence. That is because while a federal prisoner may challenge the legality of his sentence in a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). Although Nguyen attempts to rely on the savings clause of 28 U.S.C. § 2255(e), the Sixth Circuit has made it clear that a petitioner can only rely on that clause to attack his federal sentence in a § 2241 petition under very limited circumstances; indeed, the petitioner must show, among other things, that he was sentenced under the mandatory guidelines regime that existed before the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and he must be relying on a case of statutory interpretation that is retroactive. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Here, Nguyen was sentenced after the Supreme Court decided *Booker*, and he does not appear to be relying on a retroactive change in statutory interpretation in making his argument about the

2

sentencing guidelines. [R. 1-6]. Simply put, Nguyen does not meet the requirements set forth in the *Hill* case.

Accordingly, **IT IS ORDERED** that:

1. Warden Gregory Kizziah is **SUBSTITUTED** for the United States of America as the respondent in this proceeding.

2. Nguyen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

Dated June 14, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY